**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**CIVIL DIVISION**
**Southern Division**

| | |
|---|---|
| ARLENE HUTCHINSON,           ) | |
| AS PERSONAL REPRESENTATIVE    ) | |
| FOR THE ESTATE OF            ) | |
| WILLIAM HUTCHINSON         ) | |
| 25941 Largo Ct.                 ) | |
| Damascus, MD 20872         ) | |
|                                ) | |
|          Plaintiff,             ) | |
|                                ) | |
|       v.                       ) | Case No.:_____ |
|                                ) | |
| WASHINGTON METROPOLITAN     ) | |
| AREA TRANSIT AUTHORITY       ) | |
| 600 5th Street, NW              ) | |
| Washington, DC 20001        ) | |
|                                ) | |
| **Serve on:**                     ) | |
| Patricia Y. Lee, Esq.         ) | |
| General Counsel, WMATA      ) | |
| Transit Authority             ) | |
| 600 5th Street, NW              ) | |
| Washington, D.C. 20001       ) | |
|                                ) | |
|          Defendant.          ) | |
| _____) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Arlene Hutchinson as Personal Representative for William Hutchinson, by and through her attorneys, Matthew Sadler, Kenneth J. LaDuca, John Yannone, and PRICE BENOWITZ, LLP, and hereby files this Complaint against Defendant Washington Metropolitan Area Transit Authority ("WMATA") and states as follows:

1

**PARTIES**

1.      Decedent William Hutchinson ("W. Hutchinson") was at the time of his death an adult resident and domiciliary of the State of Maryland, residing at 25941 Largo Court, Damascus, MD 20872.

2.      Plaintiff Arlene Hutchinson ("A. Hutchinson") is the Personal Representative of the Estate of William Hutchinson and is an adult resident and domiciliary of the State of Maryland, residing at 25941 Largo Court, Damascus, MD 20872.

3.      Plaintiff A. Hutchinson was named the Personal Representative of the Estate of William Hutchinson on January 11, 2023 by the Montgomery County Register of Wills.

4.      Upon information and belief, and at all times relevant hereto, John Doe was the agent, servant, employee, and/or independent contractor of Defendant WMATA, acting within the scope of his/her actual and/or apparent agency with Defendant WMATA, within the course of his/her employment with Defendant WMATA, at the order and direction of Defendant WMATA, primarily for the benefit of Defendant WMATA, on behalf of Defendant WMATA, and with Defendant WMATA's assent and authorization to perform his/her duties.

5.      Defendant WMATA is a state and interstate agency created by the United States Congress and adopted by the governments of the District of Columbia, Maryland, and Virginia, and has its principal office located at 600 5th Street, NW, Washington, DC 20001. *See* D.C.Code § 1-2431; Md.Code Ann. Transp. §§ 10-201, *et seq.;* and Va.Code Ann. §§ 56-529 *et seq.*

6.      At all relevant times, WMATA was the owner of the Metro Access transit van being operated by its employee driver, John Doe. At all relevant times, John Doe was acting in the course and scope of this employment and/or agency with WMATA, thereby rendering WMATA vicariously liable for all of John Doe's tortious acts and omissions in causing Plaintiff's damages.

WMATA is also liable for John Doe's tortious acts and omissions pursuant to Article XVI § 80 of the Washington Metropolitan Area Transit Authority Compact ("Compact") and pursuant to WMATA's June 15, 2006, Revised Indemnification Policy, Resolution Number 2006-32.

## JURISDICTION AND VENUE

7.      This personal injury action arises out of an incident that occurred on January 23, 2020, between approximately 10:00 a.m. and 11:00 a.m., in Gaithersburg, Maryland, wherein the wheelchair bound W. Hutchinson was a passenger on a Metro Access Bus ("the Bus"), operated by WMATA.

8.      Venue in this action properly lies in this Court pursuant to 28. U.S.C. § 1391(b)(2) because the acts and omissions complained of occurred in the State of Maryland.

9.      This Court has jurisdiction over this action pursuant to Section 81 of the Compact, which provides that the United States District Courts shall have original jurisdiction over all actions brought by or against the Washington Metropolitan Area Transit Authority. *See also,* MD Transp. Code § 10-204, ¶ 81.

10.     Plaintiff hereby demands a jury trial on the allegations below.

## FACTUAL BACKGROUND

11.     At all relevant times hereto, W. Hutchinson was wheelchair bound.

12.     At all relevant times hereto, W. Hutchinson's condition restricted his movement in his lower extremities.

13.     Upon information and belief, at all relevant times prior to and at the time of the incident, Defendant WMATA, was an interstate compact agency of the District of Columbia, Virginia, and Maryland, providing transportation services, which sought and accepted business from disabled individuals, including individuals, like W. Hutchinson.

14.     At all times relevant hereto, Defendant WMATA owned, operated, managed, and/or otherwise controlled the MetroAccess Paratransit service, a shared-ride, door-to-door, paratransit service for people whose disability prevents them from using bus or rail.

15.     Prior to and at the time of the events complained of herein, W. Hutchinson was a MetroAccess Paratransit user.

16.     Upon information and belief, at all relevant times including before accepting W. Hutchinson as a passenger, Defendant WMATA was aware that W. Hutchinson's disability required Defendant WMATA, through its agents, servants, employees, to use safety restraints to ensure W. Hutchinson would not fall from his seat once the Bus was in motion.

17.     Fully aware of W. Hutchinson's disability, Defendant WMATA allowed W. Hutchinson to schedule a trip for January 23, 2020, and undertook the responsibility to safely transport him from one destination to another, to include assisting with properly securing him such that he would not fall from his seat when the Bus was in motion.

18.     On January 23, 2020, between approximately 10:00 a.m. and 11:00 a.m., W. Hutchinson was a passenger onboard the Bus for travel.

19.     Upon information and belief, and at all times relevant hereto, the Bus used to transport W. Hutchinson was owned, operated, managed, maintained, and/or inspected by Defendant WMATA and its agents, servants, employees, and/or independent contractors.

20.     Upon information and belief, and at all times relevant hereto, John Doe was an employee, servant, agent, and/or independent contractor of Defendant WMATA, who Defendant WMATA assigned to assist disabled passengers, including using safety restraints to secure passengers during travel on the Bus.

4

21.     Upon information and belief, and at all times relevant hereto, John Doe was an employee, servant, agent, and/or independent contractor of Defendant WMATA, who Defendant WMATA assigned to the Bus on which W. Hutchinson was a passenger on January 23, 2020.

22.     On January 23, 2020, between approximately 10:00 a.m. and 11:00 a.m., John Doe failed to secure W. Hutchinson on the Bus.

23.     During the January 23, 2020 trip, the Bus took a right-hand turn, and W. Hutchinson, who John Doe had failed to properly restrain, was violently thrown to the ground, causing him pain and severe and significant bodily injury.

24.     At all times relevant hereto, Defendant WMATA and/or its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, failed to ensure that the Plaintiff was properly secured into his seat so as to not injure W. Hutchinson during the transportation from one destination to another, causing him injury.

25.     As a direct and proximate result of the negligent acts and omissions of Defendant WMATA and/or its agents, servants, employees, and/or independent contractors, W. Hutchinson sustained severe, significant, and permanent personal injuries.

26.     The severe, significant, and permanent personal injuries and other damages W. Hutchinson sustained were caused solely and proximately by Defendant WMATA's and/or its agents', servants', employees' and/or independent contractors' negligence, including but not limited to John Doe's negligence, without any contributory negligence or assumption of risk on part of W. Hutchinson.

27.     As the principal for John Doe, Defendant WMATA is responsible for all of the acts, and omissions committed by John Doe, who was the actual and/or apparent agent, servant, employee, and/or independent contractor of Defendant WMATA, acting within the course and

scope of his/her actual or apparent agency, contract, and/or employment under the doctrine of vicarious liability.

28.     A. Hutchinson, is the personal representative of W. Hutchinson who is now deceased, and brings this suit in his stead.

## COUNT I: Negligence
**(Defendant WMATA)**

29.     Plaintiff A. Hutchinson re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

30.     At all times relevant hereto, Defendant WMATA and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, had a duty to act reasonably and to use due care while transporting W. Hutchinson, a MetroAccess customer, from one destination to another.

31.     All of John Doe's acts and omissions were carried out within the scope of his employment and/or agency with WMATA, while performing a proprietary function as an employee of WMATA, rendering WMATA legally and statutorily liable.

32.     In particular, Defendant WMATA and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, had a duty, *inter alia*, to:

    a.     safely secure disabled passengers, such as W. Hutchinson into his/her/their seat;

    b.     ensure passengers in their care arrive safely at their destination; and

    c.     avoid causing injury to disabled passengers.

33.     Defendant WMATA and/or its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, breached the above duties on January 23, 2020, and was/were reckless, careless, and/or negligent in injuring Plaintiff by, *inter alia*:

    a.     failing to safely secure disabled passengers, such as W. Hutchinson into his seat;

     b.   failing to ensure passengers in their care arrived safely at their destination;

     c.   causing injury to disabled passengers; and

     d.   being otherwise negligent.

34.     Upon information and belief, at all times relevant hereto, including January 23, 2020, John Doe was acting as the agent, servants, employee, and/or independent contractor of Defendant WMATA, and was acting within the scope of said actual and/or apparent agency, contract, employment, and/or servitude.

35.     Upon information and belief, at all times relevant hereto, John Doe was carrying out activities, including, but not limited to boarding, securing, and transporting W. Hutchinson, pursuant to Defendant WMATA's order, direction, control, and for the benefit of Defendant WMATA.

36.     As the principal for John Doe, Defendant WMATA is responsible for all of the acts and/or omissions committed by John Doe under the doctrine of vicarious liability.

37.     As a direct and proximate result of the negligent acts and/or omissions of Defendant WMATA and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, W. Hutchinson suffered severe and life-altering emotional and bodily injuries.

38.     As a further direct and proximate result of the negligent acts and omissions of Defendant WMATA and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, W. Hutchinson suffered intense physical and emotional pain and suffering.

39.     As a further direct and proximate result of the negligent acts and omissions of Defendant WMATA and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, W. Hutchinson incurred significant medical expenses.

40.     As a further direct and proximate result of the negligent acts and omissions of Defendant WMATA and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, W. Hutchinson was prevented from pursuing his normal routine and customary activities.

41.     All of W. Hutchinson's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant WMATA and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, and were incurred without contributory negligence or assumption of the risk on the part of W. Hutchinson.

WHEREFORE, Plaintiff Arlene Hutchinson as Personal representative for the Estate of William Hutchinson demands a jury trial, judgment from and against Washington Metropolitan Area Transit Authority for damages in the amount of Five Hundred Thousand Dollars ($500,000.00), for damages incurred as a result of the causes of action maintained therein, notably past, pain and suffering, mental anguish, emotional distress, costs, prejudgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT II: Negligent Training, Supervision and/or Hiring
**(Defendant WMATA)**

42.     Plaintiff A. Hutchinson re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

43.     Upon information and belief, prior to January 23, 2020, Defendant WMATA hired and trained John Doe.

44.     Upon information and belief, Defendant WMATA hired and trained John Doe with the knowledge and expectation that he/she would interact with members of the public, including but not limited to, disabled passengers such as W. Hutchinson.

45.     Upon information and belief, at all relevant times prior to and at the time of the incident, Defendant WMATA, sought and accepted the business from disabled individuals, including individuals, like W. Hutchinson, who were confined to wheelchairs, and who WMATA knew required assistance with transportation.

46.     Upon information and belief, at all relevant times prior to and at the time of the incident, Defendant WMATA held itself out to the public as an agency that safely transports individuals, including disabled individuals, like W. Hutchinson, who was confined to a wheelchair for mobility.

47.     Given the above, at all times relevant hereto, Defendant WMATA had a duty to train, supervise, and/or hire competent employees, agents and/or servants, including John Doe, to perform the duties required of their employment, including but not limited to assisting, and/or securing disabled passengers so that they would not be injured during travel.

48.     Defendant WMATA breached the above duty and failed to train, supervise and/or hire agents, servants, employees, and/or independent contractors, including John Doe, such that they were competent and fit for the position and the duties required of them, including assisting, and/or securing disabled passengers before a MetroAccess bus is placed in transit.

49.     Had Defendant WMATA properly trained, supervised, and/or hired agents, servants, employees, independent contractors, including John Doe, W. Hutchinson would have been safely restrained, and secured in his seat and would not have been caused to fall and suffer injury during transit.

50.     As a direct and proximate result of Defendant WMATA's negligent training, supervision, and/or hiring of its agents, servants, employees, and/or independent contractors,

including but not limited to John Doe, W. Hutchinson suffered severe, permanent and life-altering emotional and bodily injuries.

51.     As a further direct and proximate result of Defendant WMATA's negligent training, supervision, and/or hiring of its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, W. Hutchinson suffered intense physical and emotional pain and suffering.

52.     As a further direct and proximate result of Defendant WMATA's negligent training, supervision, and/or hiring of its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, W. Hutchinson incurred significant medical expenses.

53.     As a further direct and proximate result of Defendant WMATA's negligent training, supervision, and/or hiring of its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, W. Hutchinson was, prevented from pursuing his normal routine and customary activities.

54.     All of W. Hutchinson's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant WMATA and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe, and were incurred without contributory negligence or assumption of the risk on the part of W. Hutchinson.

WHEREFORE, Plaintiff Arlene Hutchinson as Personal Representative for the Estate of William Hutchinson demands a jury trial, judgment from and against Defendant Washington Metropolitan Area Transit Authority for damages in the amount of Five Hundred Thousand Dollars ($500,000.00), for damages incurred as a result of the causes of action maintained therein, notably past, pain and suffering, mental anguish, emotional distress, costs, pre judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,
**PRICE BENOWITZ, LLP**

By:    */s/Matthew Sadler*
Matthew Sadler, Esq. (30527)
msadler@pricebenowitzlaw.com
John J. Yannone, Esq. (04396)
Kenneth LaDuca, Esq. (10102)
Price Benowitz, LLP
409 7th Street, NW, Suite 200
Washington, D.C. 20004
(202) 417-6000
(301) 244-6659 (f)
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

*/s/Matthew Sadler*
Matthew Sadler, Esq.

11